IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SOFTWARE TREE, LLC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | No. _____ |
| v. | § | |
| | § | JURY DEMANDED |
| ORACLE CORPORATION, a Delaware | § | |
| corporation, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINALCOMPLAINT FOR
## PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Software Tree, LLC. ("Plaintiff" or "Software Tree"), files this its Original

Complaint for patent infringement against Defendant Oracle Corporation ("Defendant" or

"Oracle") and alleges as follows:

### I.    THE PARTIES

1.      Plaintiff Software Tree is a limited liability corporation organized under the laws

of the State of California and having its principal place of business at 2953 Bunker Hill Lane,

Suite 400, Santa Clara, CA 95054.

2.      Upon information and belief, Defendant Oracle is a Delaware corporation having

a principal place of business at 500 Oracle Parkway M/S 50P7, Redwood Shores, California

94065.  Upon information and belief, Oracle is authorized to do business in Texas and may be

served with process by serving its registered agent, Corporation Service Company d/b/a CSC-

Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701.

## II.   JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

4.      Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas.  Personal jurisdiction also exists specifically over the Defendant because of its conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Eastern District of Texas.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## III.   PATENT INFRINGEMENT

6.      Plaintiff Software Tree repeats and realleges the allegations in paragraphs 1-5 as though fully set forth herein.

7.      Plaintiff Software Tree is the owner of all rights, title, and interest in and under United States Patent No. 6,163,776: System and method for exchanging data and commands between an object oriented system and relational system ("the '776 Patent"), which duly and legally issued on December 19, 2000.  A true and correct copy of the '776 Patent is attached hereto as Exhibit A.

8.      The '776 Patent was subject to a re-examination by the United States Patent Office which confirmed the patentability of  all claims, with Claims 36-38 and 40-41 being unchanged, claims 43-46 corresponding to originally issued claims 5, 6, 9, and 10 re-written in independent form, and all other claims as amended being confirmed.  During this re-examination

Claims 47-75 were added and these claims were also indicated to be patentable.   The re-examination concluded on April 8, 2008.   A true and correct copy of the re-examination certificate is attached as Exhibit B.

9.      The '776 Patent is valid and enforceable.

10.      Plaintiff Software Tree has complied with the requirements of 35 U.S.C. § 287.

11.      Upon information and belief, Defendant has been and is infringing the '776 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, including but not limited to the Oracle product known as Oracle TopLink, and all other Oracle products that include TopLink.

12.      By making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the '776 Patent, Defendant has also induced infringement of the '776 Patent under 35 U.S.C. § 271(b).   The infringing products have no substantial non-infringing uses.   On information and belief, Defendant Oracle has indirectly infringed and continues to indirectly infringe the '776 patent under 35 U.S.C. § 271(c) by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system with knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '776 patent.

13.      Defendant has actual knowledge of the '776 Patent, and actual knowledge that the Oracle product known as Oracle TopLink product, and all other Oracle products that include TopLink, infringe the '776 Patent, as evidenced by Defendant Oracle's history of correspondence dating back to early 2004 with the inventor of the '776 Patent, who is also the President and CEO of Software Tree.   Instead of properly taking a license to the '776 Patent,

Oracle engaged in a series of unsuccessful attempts to invalidate the '776 Patent through numerous meritless filings for ex-parte reexamination of the '776 Patent.  Despite its actual knowledge of the '776 Patent and its infringement of same, Oracle has continued to engage in its infringing conduct without a license.  Defendant's infringement is therefore willful.

14.    As a direct and proximate result of Defendant's acts of patent infringement, Plaintiff Software Tree has been and continues to be injured and has sustained and will continue to sustain substantial damages in an amount not presently known.

15.    Plaintiff Software Tree's ongoing business has suffered significantly from the infringement of Defendant, and has lost and will continue to lose profits as a result of Defendant's infringement.

16.    Plaintiff Software Tree has no adequate remedy at law against these acts of patent infringement.    Unless Defendant is permanently enjoined from its unlawful and willful infringement of the '776 Patent, Plaintiff Software Tree will suffer irreparable harm.

17.    Plaintiff Software Tree has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.   The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff Software Tree is entitled to recover its reasonable and necessary fees and expenses.

## IV.  PRAYER FOR RELIEF

Plaintiff Software Tree respectfully requests that judgment be entered in its favor and against Defendant and that the Court grant the following relief to Plaintiff Software Tree:

A.    Declare that the '776 Patent is valid and enforceable:

B.    Declare that Defendant has infringed the '776 Patent;

C.    Declare that Defendant's infringement was willful;

D.      Award damages to Plaintiff Software Tree to which it is entitled for patent infringement;

E.      Award damages to Plaintiff Software Tree to which it is entitled for its lost profits;

F.      Enter a preliminary and thereafter a permanent injunction against Defendant's direct infringement of the '776 Patent;

G.      Enter a preliminary and thereafter a permanent injunction against Defendant's active inducements of infringement and/or contributory infringements of the '776 Patent by others;

H.      Award Plaintiff Software Tree its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

I.      Award Plaintiff Software Tree increased damages in an amount not less that three times the amount of damages found by the jury or assessed by this Court, for Defendant's willful infringement pursuant to 35 U.S.C. § 284;

J.      Award interest on Plaintiff Software Tree's damages; and

K.      Award such other relief as the Court deems just and proper.

## V.   JURY DEMAND

In accordance with FED. R. CIV. P. 38 and 39, Plaintiff Software Tree asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

Dated:  April 8, 2008                          Respectfully submitted,

JEFFREY R. BRAGALONE, Attorney in Charge
State Bar No. 2855775
MICHAEL W. SHORE
State Bar No. 18294915
ALFONSO GARCIA CHAN
State Bar No. 24012408

SHORE CHAN BRAGALONE, LLP
Republic Center
325 N. St. Paul Street, Suite 4450
Dallas, Texas 75201
tel. 214.593.9110
fax 214.593.9111

ATTORNEYS FOR PLAINTIFF
SOFTWARE TREE, LLC.